AARON RICHARD GOLUB, ESQUIRE, PC
Attorneys for Defendant
34 East 67th Street -3rd Floor
New York, New York 10065
ph: 212-838 4811
fx: 212-838-4869
ARG 6056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PHILIPPE MAESTRACCI,

                         Plaintiff,

                v.

SEATED MAN WITH A CANE, 1918, A
PAINTING BY AMEDEO MODIGLIANI

               Defendant in rem,

HELLY NAHMAD GALLERY, INC.

               Defendant.
-----------------------------------------------------------------X

11-CIV-7710 (LLS)(MHD)
ECF Case

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

                         AARON RICHARD GOLUB, ESQUIRE, PC
                         Attorney for Defendant
                         34 East 67th Street – 3rd Floor
                         New York, New York 10065
                         ph: 212-838-4811
                         fx: 212-838-4869

Of Counsel:
    Aaron Richard Golub
    Nehemiah S. Glanc
    Daniel C. Neustadt
    David Lu

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iv

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 2

THE COMPLAINT .................................................................................................... 3

ARGUMENT ............................................................................................................. 4

POINT I

      THE COMPLAINT SHOULD BE DISMISSED PURSUANT
      TO FRCP 12(b)(1) ON THE GROUNDS THAT THE COURT LACKS
      SUBJECT MATTER JURSDICTION ................................................................. 4

      A.    This Court Lacks Subject Matter Jurisdiction
           Because Plaintiff Has Sued the Wrong Party ............................................... 5

      B.    This Court Lacks Subject Matter Jurisdiction
           Because It Cannot Redress Plaintiff's Alleged Injury ................................. 6

           1.   A Decision of This Court Cannot Redress Plaintiff's Injury
               Because Defendant Does Not Possess or Exercise Control
               Over the Painting ................................................................................. 6

           2.   This Court Lacks In Rem Jurisdiction .................................................. 7

POINT II

      THE DECLARATORY JUDGMENT CAUSE OF ACTION
      SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1)
      FOR LACK OF SUBJECT MATTER JURISDICTION ....................................... 9

POINT III

      PLAINTIFF'S SECOND AND THIRD CLAIMS FOR CONVERSION AND
      REPLEVIN SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1) AND
      12(b)(6) ............................................................................................................ 11

      A.    Plaintiff's Claim for Replevin Should Be Dismissed Because
           Defendant Did Not Possess the Painting at the Commencement
           of This Action ............................................................................................ 11

B.    Plaintiff's Claim For Conversion Should Be Dismissed Because Defendant Did Not Possess the Painting at the Time of Plaintiff's Purported Demand ....................................................................................................................12

CONCLUSION............................................................................................................15

## TABLE OF AUTHORITIES

### Cases

Am. Civil Liberties Union v. Nat'l Sec. Agency,
493 F.3d 644 (6th Cir. 2007) ..................................................................6

Blackmar v. Guerre,
342 U.S. 512 (1962) ...........................................................................12

Borumand v. Assar,
01-CV-6258P, 2005 WL 741786 (W.D.N.Y. Mar. 31, 2005) ...........................14

Brunson v. Clark,
1996 WL 559965 (S.D.N.Y. 1996) ..........................................................10

Caldwell Mfg. Co. v. Unique Balance Co.,
18 F.R.D. 258 (S.D.N.Y. 1955) ...............................................................9

Corporacion Venezolana de Fomento v. Vintero Sales Corp.,
629 F.2d 786 (2d Cir. 1980),
cert. denied, 449 U.S. 1080, 101 S.Ct. 863 (1981) .....................................7, 9

County of Los Angeles v. Davis,
440 U.S. 625, 59 L. Ed. 2d 642, 99 S. Ct. 1379 (1979) ................................11

D'Amico v. First Union Nat. Bank,
285 A.D.2d 166 (2001) .........................................................................13

DeFunis v. Odegaard,
416 U.S. 312, 94 S.Ct. 1704, 40 L. Ed. 2d 164 (1974) .................................11

DeJesus v. Sears, Roebuck & Co., Inc.,
87 F.3d 65 (2d Cir. 1995),
cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996) .................3

Faggionato v. Lerner,
500 F.Supp.2d 237 (S.D.N.Y. 2007) ..........................................................8

Feld v. Feld,
279 A.D.2d 393, 395, 720 N.Y.S.2d 35 (1st Dept. 2001) ...............................14

Fermin-Rodriguez v. Westchester County Jail Medical Personnel,
191 F.Supp.2d 358 (S.D.N.Y. 2002) .......................................................3, 4

Fox v. Bd. of Trustees,
42 F.3d 135 (2nd Cir. 1994),
cert. denied, 515 U.S. 1169, 115 S. Ct. 2634, 132 L. Ed. 2d 479,
100 S. Ct. 1202 (1980) ...........................................................................................11

Fry v. Clow,
50 Hun 574, 3 N.Y.S. 593 (Sup. Ct., Gen. Term 1889) ....................................14

Gmurzynska v. Hutton,
257 F.Supp.2d 621 (S.D.N.Y. 2003), aff'd, 355 F.3d 206 (2d Cir. 2004) ........10

Grosz v. Museum of Modern Art,
772 F.Supp.2d 473, 483 (S.D.N.Y. 2010), reconsideration denied (Mar. 3, 2010),
aff'd, 403 F. App'x 575 (2d Cir. 2010), cert. denied, 132 S. Ct. 102 (2011) ....................14

H.R. Technologies, Inc. v. Astechnologies, Inc.,
275 F.3d 1378 (Fed. Cir. 2002) ..........................................................................10

Hanson v. Denckla,
357 U.S. 235, 78 S. Ct. 1228 (1958) .....................................................................7

Heinrich v. Van Wrickler,
80 A.D. 250 (1903) ...............................................................................................13

In re Bristol-Myers Squibb Secs. Litig.,
312 F.Supp.2d 549 (S.D.N.Y. 2004) ...................................................................12

In re Joint E. & So. Dist. Asbestos Litig.,
14 F.3d 726 (2d Cir. 1993) .....................................................................................4

Johnson v. The Smithsonian Institution,
189 F.3d 180 (2d Cir. 1999).........................................................................11, 12

Lee v. Board of Governors,
188 F.3d 905 (2d Cir. 1997)....................................................................................4

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) ......................................................................................4, 5, 8

MacDonnell v. Buffalo Loan, Trust & Safe Deposit Co.,
193 N.Y. 92 (1908) ..............................................................................................13

Makarova v. United States,
201 F.3d 110 (2d Cir. 2000)...............................................................................4, 9

v

Malik v. Meissner,
82 F.3d 560 (2d Cir. 1996) ...................................................................4

Matter of Peters,
34 A.D.3d 29, 821 N.Y.S.2d 61 (1st Dept. 2006) ...................................8

Mentor Ins. Co. v. Brannkasse,
996 F.2d 506 (2d Cir. 1993) .................................................................7

Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,
418 F.3d 168 (2d Cir. 2005) .................................................................8

Mitchell v. Williams & Roberts.,
4 Hill 13, 1842 WL 5107 (1842) ......................................................... 14

Morgan v. Property Clerk, New York City Police Dept.,
184 Misc. 2d 406, 708 N.Y.S.2d 262 (Sup. Ct. Richmond Co.  2000) .............12

Mott v. IBM,
2011 WL 3847176 (E.D.N.Y. Aug. 30, 2011).........................................12

Muhammad v. City of N.Y. Dept. of Correct.,
126 F.3d 119 (2d Cir. 1997).................................................................11

Murray v. Lese
86 N.Y.S. 581 (Sup. Ct. App. Term. NY 1908) .................................11, 12

Nat'l Council of La Raza v. Mukasey,
283 F. App'x 848 (2d Cir. 2008) ...........................................................5

Phoenix Mutual Life Ins. Co. v. Seafarers Officers & Employees Pension Plan,
128 F.R.D. 25 (E.D.N.Y. 1989) ...........................................................10

Regions Bank v. Wieder & Mastroianni, P.C.,
526 F.Supp.2d 411 (S.D.N.Y. 2007) aff'd, 268 F. App'x 17 (2d Cir. 2008).....................13

Robinson v. Commissioner of Jurors, New York County,
419 F. Supp. 1189 (S.D.N.Y. 1976) .......................................................9

Robinson v. Gov't of Malaysia,
269 F.3d 133 (2d Cir. 2001)..................................................................4

Ross v. Albany Med. Ctr.,
104 F.3d 351 (2d Cir. 1996) (unpublished) ..............................................6

Ryerson v. Ryerson,
55 Hun 611, 8 N.Y.S. 738, 739 (Sup. Ct., Gen. Term 1890)...........................................14

S. Jackson & Son v. Coffee, Sugar & Cocoa Exchange,
24 F.3d 427 (2d Cir. 1994) ...........................................................................................10

Schoeps v. Andrew Lloyd Webber Art Found.,
66 A.D.3d 137, 884 N.Y.S.2d 396 (1st Dept. 2009) ...........................................................8

Shaffer v. Heitner,
433 U.S. 186, 97 S. Ct. 2569 (1977)...................................................................................7

Shipping Fin. Serv. Corp. v. Drakos,
140 F.3d 129 (2d Cir. 1998) .............................................................................................4

Sinnott v Feiock,
165 N.Y. 444 (1901) ...............................................................................................11. 12

Spectronics Corp. v. H.B. Fuller Co., Inc.,
940 F.2d 631 (Fed. Cir. 1991), cert. denied, 502 U.S. 1013, 112 S.Ct. 658,
116 L.Ed.2d 749 (1991)....................................................................................................9

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83 (1998)............................................................................................................6

Technical Tape Corp. v. Minnesota Min. & Mfg. Co.,
135 F. Supp. 505 (S.D.N.Y. 1955) ..................................................................................11

Theobald v. IFS Intern. Holdings, Inc.,
443 F.Supp.2d 556 (S.D.N.Y. 2006)..................................................................................8

United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.,
216 F.Supp.2d 198 (S.D.N.Y. 2002)................................................................................12

Wembach Corp. v. Emigrant Indus. Sav. Bank,
264 A.D. 161, 164 (1st Dept. 1942)................................................................................13

Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi,
215 F.3d 247 (2d Cir. 2000)...............................................................................................4

## Statutes and Federal Rules

U.S. Const. Art. III ........................................................................................8

FRCP 4(b) ........................................................................................................8

FRCP 12(b)(1) ..................................................................................1, 4, 8, 11

FRCP 12(b)(6) ..............................................................................................1

FRCP 17(b) ....................................................................................................8

Declaratory Judgment Act, 28 U.S.C. § 2201 ......................................9, 10

28 U.S.C. § 1395 ..........................................................................................7

28 U.S.C. § 1655 ..........................................................................................7

## Treatises

Moore's, Federal Practice, § 12.34[1][b] (3d ed. 1997) ........................4

4 Wright and Miller, Federal Practice and Procedure, § 1070 (1969) ................7

28 Fed. Proc., L. Ed. § 65:20 ....................................................................7

43 N.Y. Jur.2d, Declaratory Judgment, § 22 (2011) ........................10

## PRELIMINARY STATEMENT

Plaintiff has sued the wrong defendant.  Dismissal is warranted under FRCP 12(b)(1) and 12(b)(6).  International Art Center S.A.[1] ("IAC") is the owner of the subject painting, "Homme Assis (appuye sur une cane)" (1918), by Amedeo Modigliani (the "Painting"), and maintains possession of the Painting outside of this jurisdiction.  Defendant Helly Nahmad Gallery, Inc. ("HNGI"), never owned the Painting nor is the Painting in its possession.  The Painting is not in New York State.  All of plaintiff's claims, both against the in rem defendant and the corporate defendant, fail because the defendant is the wrong party and there is no jurisdiction.  In any event, all of plaintiff's claims fail because HNGI does not own or possess the Painting as required to state an actionable claim for declaratory judgment, conversion or replevin (see Points II and III).

This Court lacks subject matter jurisdiction (see Point I).  Defendant, which neither owns nor possesses the Painting, lacks any interest whatsoever in this controversy and lacks any authority or capacity to remedy any injury allegedly suffered by plaintiff.  It is impossible therefore that defendant's interests could be adverse to plaintiff's, as required to confer jurisdiction upon this Court.  The absence of any parties with interests adverse to the plaintiff, including the Painting's owner, IAC, as well as the absence of jurisdiction over the Painting, with all due respect, bars this Court from redressing plaintiff's alleged injury.

Plaintiff's description of the Painting in the caption as "Defendant in rem" is a false, poorly crafted gimmick that attempts to establish jurisdiction.  The Painting was not located here at the time of commencement of this action.  In point of fact, plaintiff never made a "demand" upon defendant.

---

[1]        "S.A." means IAC is a foreign corporation. The "S.A." form of business organization is not available in any of the States in the U.S.A.

1

This lawsuit was initiated with little to no investigation, resulting in the wrong defendant being named on the wing and the prayer of obtaining discovery. All claims should be summarily dismissed.

## STATEMENT OF FACTS

IAC purchased the Painting at auction from Christie's in London, England on June 25, 1996 (Oever Decl.,[2] par. 3 and Ex. 1 thereto). The Painting's provenance set forth in the Christie's London catalogue (titled "Impressionist and Modern Paintings Watercolours and Sculpture (Part I)") at page 40, states:

> PROVENANCE:
> Roger Dutilleul, Paris
> Anon, sale, Paris, circa 1940-1945, to J. Livengood, Paris and
> thence by descent to the present owners. (Ex. 2 to Glanc Decl.[3])

The provenance did not indicate that the Painting was the subject of spoliation. The Painting has been openly and publicly exhibited at various museums and galleries throughout the world since 1996, when IAC acquired ownership (Oever Decl., par. 2), and is currently warehoused in Geneva, Switzerland (Semedo Decl.,[4] pars. 3-4).

HNGI never purchased the Painting (Nahmad Decl.,[5] par. 2). Between November 3, 2005, and January 31, 2006, HNGI exhibited the Painting at a Modigliani exhibition, titled "Modigliani: A Bohemian Myth," at HNGI's gallery in New York City, located at 975 Madison Avenue, New York, New York (Nahmad Decl., par. 2). The Painting was returned to its owner

---

[2]    Dated December 12, 2011.

[3]    Dated December 22, 2011

[4]    Dated December 7, 2011.

[5]    Dated December 19, 2011.

in Switzerland on or about February 24, 2006 (Semedo Decl., par. 4(g); Nahmad Decl., par. 2).

The Painting was consigned by IAC for sale at a Sotheby's New York auction scheduled for

November 3, 2008, and failed to sell (Edelson Decl.,[6] par.2 and Ex. 1 thereto).  Sotheby's

shipped  the Painting to IAC's storage in Switzerland in or about the middle of December,

2008(Edelson Decl., par. 2), where it remains today (Semedo Decl., pars. 3-4).

## THE COMPLAINT

The complaint, dated October 27, 2011 ("Complaint") (Ex. 1 to Glanc Decl.) fails to

state that Oscar Stettiner ("OS") owned the Painting.[7]  No proof of OS's purchase of the Painting

is attached to the Complaint or referred to therein.  An inspection of Sotheby's provenance for

the Painting  shows that Sotheby's attributes ownership of the Painting to "**(possibly)** Stettiner,

Paris (by 1930)" (Ex. B to Ex. 1 to Glanc Decl.).   The Complaint (Ex. 1 to Glanc Decl.) refers to

no evidence that it was the subject Painting (and not another Modigliani painting) which was

allegedly auctioned in 1944.   There are no due diligence allegations concerning the plaintiff's

efforts or the Stettiner heir's efforts to locate the Painting over the last 70 years.  Any "how,

when and where" facts whatsoever connected to HNGI's purchase of the Painting are glaringly

absent from the Complaint (Ex. 1 to Glanc Decl.).

"A complaint which consists of conclusory allegations unsupported by factual assertions

fails even the liberal standards of Rule 12(b)(6)." DeJesus v. Sears, Roebuck & Co., Inc., 87 F.3d

65, 70 (2d Cir. 1995), cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996);

Fermin-Rodriguez v. Westchester County Jail Medical Personnel, 191 F.Supp.2d 358, 360

---

[6]      Dated December 8, 2011.

[7]      The Complaint alleges that "Stettiner's art collection contained a number of works,
including the Painting." (Ex. 1 par. 14 to Glanc Decl.).

3

(S.D.N.Y. 2002) (quoting Moore's, Federal Practice, § 12.34[1][b] (3d ed. 1997) ("Generally, conclusory or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001).

## ARGUMENT

## POINT I

## THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1) ON THE GROUNDS THAT THE COURT LACKS SUBJECT MATTER JURSDICTION

In assessing a motion to dismiss for lack of subject matter jurisdiction, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).  On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993).

Because plaintiff has sued the wrong party, and because no decision of this Court could redress plaintiff's alleged injury, this Court lacks constitutional authority to exercise jurisdiction over this matter. See, e.g., Lee v. Board of Governors, 188 F.3d 905, at 912-913 (2nd Cir. 1997) (following Lujan, infra., and dismissing claims for want of causation and redressability).

4

The Supreme Court of the United States has established certain "irreducible constitutional minimum" requirements to the exercise of subject matter jurisdiction. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992), delineating those minimum requirements as: 1) actual injury to plaintiff; 2) a causal connection between defendant's actions and plaintiff's injury; and 3) redressability of plaintiff's injury by the court.  At a bare minimum, for an allegedly injured plaintiff to invoke the jurisdiction of a federal court, there must be a "causal connection between the injury and the conduct complained of…traceable to the challenged action of the defendant and not the result of the independent action of some party not before the court" <u>and</u> it must be likely that the alleged injury will be "redressed by a favorable decision." <u>Lujan</u>, 504 U.S. at 560-61 (internal quotations and citations omitted).

A.    **This Court Lacks Subject Matter Jurisdiction<br>Because Plaintiff Has Sued the Wrong Party**

Plaintiff's alleged injury—the dispossession of the Painting—cannot be connected to HNGI, which has no ownership or possessory interest in the Painting.  The absence of any such "causal connection" compels dismissal on jurisdictional grounds. <u>See</u>, <u>e.g.</u>, <u>Nat'l Council of La Raza v. Mukasey</u>, 283 F. App'x 848, 851 (2d Cir. 2008) (affirming dismissal where plaintiffs did "not adequately allege that the injury was fairly traceable to defendants").

Plaintiff's invocation of jurisdiction is squarely barred by the Supreme Court's holding in <u>Lujan</u>, <u>supra</u>, which expressly prohibits the exercise of jurisdiction over a matter where plaintiff seeks redress for injury caused by "the result of the independent action of some party <u>not</u> before the court." <u>Lujan</u>, 504 U.S. at 560 (emphasis added).  The only party from whose action plaintiff's injury could have possibly resulted is the party that owned and had custody and control over the Painting at the time of demand and the time of commencement of this action,

5

namely IAC.  Since it is a non-party whose action purportedly resulted in the injury alleged by plaintiff, this Court lacks subject matter jurisdiction, and the case should be dismissed.

**B.**     **This Court Lacks Subject Matter Jurisdiction**
           **Because It Cannot Redress Plaintiff's Alleged Injury**

> **1.  A Decision of this Court Cannot Redress Plaintiff's Injury Because**
> **Defendant Does Not Possess or Exercise Control Over the Painting**

This Court lacks the power to answer plaintiff's prayers for relief. Plaintiff has sued for possession of the Painting. Lacking possession, custody or control of the painting, HNGI has no legal means to produce the Painting to plaintiff.  Any order from this Court granting plaintiff's prayed-for relief and ordering HNGI to return the Painting to plaintiff would be ineffectual and would fail to redress plaintiff's alleged injury. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 105, (1998) (vacating judgment and ordering dismissal where "none of the relief sought by [plaintiff] would likely remedy its alleged injury"); Ross v. Albany Med. Ctr., 104 F.3d 351 (2d Cir. 1996) (unpublished) (affirming dismissal of all claims for want of redressability); Am. Civil Liberties Union v. Nat'l Sec. Agency, 493 F.3d 644, 671 (6th Cir. 2007) (reversing district court injunction and dismissing cause of action for want of redressability).

Plaintiff also asks this Court for an order quieting title to the Painting. Such an order, if granted, would bind only HNGI – which has no basis to challenge plaintiff's alleged rights in the Painting – and would be extraordinary. The order would not bind IAC, i.e., the only party that has ownership in the Painting and whose interests are adverse to plaintiff's claims.  It would not bind any other possible Stettiner heirs that may have an interest adverse to plaintiff's claims. This Court lacks authority to issue such an order.

2.  **This Court Lacks <u>In</u> <u>Rem</u> Jurisdiction**

This Court cannot order the return of the Painting to plaintiff and thereby redress its alleged injury because this Court lacks <u>in</u> <u>rem</u> jurisdiction over the Painting. A plaintiff cannot proceed <u>in</u> <u>rem</u> unless the property at issue is physically present in the district. 4 Wright and Miller, Federal Practice and Procedure, § 1070 (1969); <u>see</u> <u>Hanson v. Denckla</u>, 357 U.S. 235, 246, 78 S.Ct. 1228, 1236 (1958), reviewing state court decision and holding the basis of <u>in</u> <u>rem</u> jurisdiction "is the presence of the subject property within the territorial jurisdiction of the forum State"; <u>Shaffer v. Heitner</u>, 433 U.S. 186, 97 S. Ct. 2569 (1977); 28 Fed. Proc., L. Ed. § 65:20.; <u>cf.</u> 28 U.S.C. § 1395; 28 U.S.C. § 1655. The Painting is not in this district or this State or the United States. Nor has the Painting been present within this country at any time relevant to this action, including its commencement and the date of demand.

The Complaint was filed on October 28, 2011 (Ex. 1 to Glanc Decl.). The dates of the alleged and disputed demand upon HNGI were February 28, 2011 and March 29, 2011. (Ex. 1 pars. 34-35, Exs. 3-4 to Glanc Decl.). The Painting was not located in this district or in the State of New York at either time and had not been in New York for nearly three years (Semedo Decl., par. 3).

The only way this Court might exercise jurisdiction over the Painting is via the exercise of personal jurisdiction over the party that has ownership or custody and control of the Painting, namely IAC. But IAC is not before this Court. IAC cannot be brought before this Court by plaintiff, a citizen of France, because the joinder of IAC, an alien corporation (<u>see</u> <u>FN 1</u>), would defeat diversity jurisdiction. It is well established that diversity is destroyed where both a plaintiff and a defendant are aliens. <u>Mentor Ins. Co. v. Brannkasse</u>, 996 F.2d 506, 512

(2d Cir. 1993) ("[T]he alignment of alien corporations as both plaintiffs and defendants defeats the allegation of diversity jurisdiction"); Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir.1980), cert. denied, 449 U.S. 1080, 101 S.Ct. 863 (1981) ("[T]he presence of aliens on two sides of a case destroys diversity jurisdiction."). When a foreign plaintiff sues a foreign defendant, even if the foreign defendant conducts business in New York, it would not change the lack of diversity. Theobald v. IFS Intern. Holdings, Inc., 443 F.Supp.2d 556 (S.D.N.Y. 2006).

Similarly as in subject matter jurisdiction, this Court does not have before it all of the parties with a known interest in the Painting, nor has plaintiff even notified all interested parties of this proceeding (as required by FRCP 4(b)). Therefore, even if the Painting were within the jurisdiction of this Court, an order concerning the Painting would not redress plaintiff's alleged injury, as such an order would not preclude parties with interests adverse to plaintiff from interfering with plaintiff's alleged rights.[8]

---

[8]    Article III requires also, as an "irreducible constitutional minimum of standing" that plaintiff have suffered an "injury-in-fact—an invasion of a legally protected interest…." (internal quotations omitted). Lujan, 504 U.S. at 560. Pursuant to FRCP 17(b), as a purported representative of OS's estate, plaintiff has not adequately alleged, under New York law, a "legally protected interest" in the Painting sufficient to invoke the jurisdiction of this Court. Cf. Faggionato v. Lerner, 500 F.Supp.2d 237, 249 (S.D.N.Y. 2007) (where jurisdiction is predicated on diversity of citizenship, a plaintiff must have standing under both Article III of the Constitution and applicable state law in order to maintain a cause of action) (referencing Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 173 (2d Cir. 2005); see Schoeps v. Andrew Lloyd Webber Art Found., 66 A.D.3d 137, 884 N.Y.S.2d 396 (1st Dept. 2009) (applying New York law and following Matter of Peters, 34 A.D.3d 29, 34, 821 N.Y.S.2d 61, 65 (1st Dept. 2006) (affirming that an heir must be "the duly appointed representative of the decedent's estate" to sustain a cause of action to recover a painting that was sold without the original owner's consent in Germany in 1934 as a result of the Nazi government)). For this reason as well, the action should be dismissed.

## POINT II

## THE DECLARATORY JUDGMENT CAUSE OF ACTION SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

The absence of the proper party defendant is fatal to the plaintiff's request for declaratory judgment.  A case is properly dismissed for lack of subject matter jurisdiction under FRCP 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova, 201 F.3d at 113.  The declaratory judgment cause of action essentially seeks to quiet title to the Painting (Ex. 1, pars. 42-43).   The Declaratory Judgment Act, 28 U.S.C. § 2201, requires "a case or actual controversy within [the court's] jurisdiction." No such controversy exists between the instant parties because their interests are not adverse. Further, the party with interests most adverse to plaintiff, IAC, is not currently before this Court. "Logically, an indispensible party must be joined in a declaratory judgment action since otherwise the court could not proceed to enter an equitable judgment and the purpose of the procedure would be frustrated." Caldwell Mfg. Co. v. Unique Balance Co., 18 F.R.D. 258, 261 (S.D.N.Y. 1955). Moreover, "the declaratory judgment remedy is discretionary ... and should not be granted unless the court is satisfied that all persons who have an interest in the determination of the questions raised in [the] suit [are] before the court." Robinson v. Commissioner of Jurors, New York County, 419 F.Supp. 1189, 1191 (S.D.N.Y. 1976).

The owner of the subject Painting is the proper defendant for plaintiff's claims. As stated above, in IAC's absence, complete relief cannot be accorded among those already parties to this action, because a declaratory judgment that does not bind IAC would not truly quiet title to the Painting.  "The existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction." Spectronics Corp. v. H.B. Fuller Co., Inc., 940 F.2d 631, 633

9

(Fed. Cir. 1991), cert. denied, 502 U.S. 1013, 112 S.Ct. 658, 116 L.Ed.2d 749 (1991). "A

justiciable controversy is one between parties having adverse legal interests, of sufficient

immediacy and reality, to warrant the issuance of a declaratory judgment." Phoenix Mutual Life

Ins. Co. v. Seafarers Officers & Employees Pension Plan, 128 F.R.D. 25, 28 (E.D.N.Y. 1989).

"There is no justiciable controversy unless the defendant[s] [are] in a position to place plaintiff's

rights in jeopardy, and the threat to those rights must be shown to have some basis." 43 New

York Jur. 2d, Declaratory Judgment, § 22 (2011).  No justiciable controversy exists because

IAC—the proper defendant—is not a defendant.

     Plaintiff seeks a "declaration of legal rights unrelated to any actual, live dispute."

Brunson v. Clark, 1996 WL 559965 at 2 (S.D.N.Y. 1996); S. Jackson & Son v. Coffee, Sugar &

Cocoa Exchange, 24 F.3d 427, 431–32 (2d Cir. 1994) ("[W]here the remedy sought is a mere

declaration of law without implications for practical enforcement upon the parties, the case is

properly dismissed.") (internal citations omitted); see Gmurzynska v. Hutton, 257 F.Supp.2d

621, 631-32 (S.D.N.Y. 2003) aff'd, 355 F.3d 206 (2d Cir. 2004).

     As the wrong party has been named as a defendant in this declaratory judgment action, no

case or controversy exists between the named parties. See H.R. Technologies, Inc. v.

Astechnologies, Inc., 275 F.3d 1378, 1386 (Fed. Cir. 2002) (upholding dismissal of non-

infringement counterclaim on the ground that it was asserted against the "wrong party", i.e.,

party other than owner).  Since no case or controversy exists between the parties, this Court lacks

the ability to grant the judgment sought by plaintiff.

     If there is some doubt as to the indispensability of an entity not named as a party in a

declaratory judgment action, it is appropriate for this Court to exercise its discretion not to

entertain the action under the Declaratory Judgment Act. See 28 U.S.C.A. § 2201; Technical

Tape Corp. v. Minnesota Min. & Mfg. Co., 135 F.Supp. 505 (S.D.N.Y. 1955).[9]

**POINT III**

**PLAINTIFF'S SECOND AND THIRD CLAIMS FOR CONVERSION AND REPLEVIN
SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

The second and third claims for conversion and replevin fail, as a matter of law.  The

Complaint improperly alleges that HNGI owns the Painting and HNGI has possession of the

Painting (Ex. 1, pars. 32, 46-47, 50-51 to Glanc Decl.).

**A.      Plaintiff's Claim For Replevin Should Be Dismissed Because Defendant
Did Not Possess the Painting at the Commencement of This Action**

Replevin requires that the defendant have possession of the property to be returned.

Johnson v. The Smithsonian Institution, 189 F.3d 180, 189 (2d Cir. 1999), holding the party

possessing the property at issue is a necessary party for replevin; Sinnott v. Feiock, 165 N.Y. 444

(1901); Murray v. Lese, 86 N.Y.S. 581 (Sup. Ct. App. Term. NY 1908), holding that replevin is

not maintainable as against defendants who had parted with the possession of the property prior

to the institution of the action, where their prior possession did not appear to have been unlawful,

---

[9]      When the parties to a suit lack a legally cognizable interest in the outcome of a case, or
lack a personal stake in the case, the case is moot. Muhammad v. City of N.Y. Dept. of Correct.,
126 F.3d 119, 122-123 (2nd Cir. 1997), citing County of Los Angeles v. Davis, 440 U.S. 625,
631, 59 L. Ed. 2d 642, 99 S. Ct. 1379 (1979); Fox v. Bd. of Trustees, 42 F.3d 135, 140 (2nd Cir.
1994), cert. denied, 515 U.S. 1169, 115 S. Ct. 2634, 132 L. Ed. 2d 479, 100 S. Ct. 1202 (1980).
This Court's inability to review a moot case "derives from the requirement of Article III of the
Constitution under which the exercise of judicial power depends upon the existence of a case or
controversy." Muhammad, 126 F.3d at 122, quoting DeFunis v. Odegaard, 416 U.S. 312, 316, 94
S.Ct. 1704, 40 L. Ed. 2d 164 (1974).

and where it was neither alleged in the complaint nor proved upon the trial that they had wrongfully detained the property.[10]

Defendant did not possess the Painting at the commencement of this action, nor was Defendant's brief prior possession of the Painting unlawful (Nahmad Decl., par. 2). Accordingly, Plaintiff's cause of action for replevin should be dismissed for failure to state a claim.

**B.    Plaintiff's Claim for Conversion Should Be Dismissed Because Defendant Did Not Possess the Painting at the Time of Plaintiff's Purported Demand**

Defendant, as a matter of law, cannot be liable for conversion.  "The tort of conversion is established when one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner [citations omitted]." United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc., 216 F.Supp.2d 198, 219 (S.D.N.Y. 2002).[11]

---

[10]    Although Sinnot and Murray, supra, are not recent authority, they are foundational authority with established principles that are still viable and widely recognized today. See, e.g., Johnson, infra.

See also Blackmar v. Guerre, 342 U.S. 512, 515 (1962), dismissing plaintiff's claims for lack of jurisdiction where wrong party named as defendant; Mott v IBM, 2011 WL 3847176 (E.D.N.Y. Aug. 30, 2011), dismissing action because plaintiff sued wrong defendant; In re Bristol-Myers Squibb Secs. Litig., 312 F.Supp.2d 549, 560 (S.D.N.Y. 2004), dismissing plaintiff's complaint because "that complaint is addressed to the wrong defendant"; Morgan v. Property Clerk, New York City Police Dept., 184 Misc. 2d 406, 708 N.Y.S.2d 262 (Sup. Ct. Richmond Co. 2000), holding court did not have in rem jurisdiction to recover money seized by defendant police department where the money had been seized by the United States Custom Service and was no longer in the possession of the defendant.

[11]    Plaintiff does not dispute that whoever owns and possesses the Painting is the proper defendant as he alleges in the replevin cause of action, albeit incorrectly, that defendant HNGI "is in possession of the Painting or, upon information and belief, has the Painting under its control." (Ex. 1 par. 50 to Glanc Decl.).  Similarly, in the conversion cause of action, plaintiff alleges "Helly Nahmad Gallery's wrongful retention… By refusing to return the Painting…" (Ex. 1 par. 47 to Glanc Decl.).

"When a defendant's possession of the property was initially lawful, there is no conversion unless the defendant refuses the owner's demand to return the property or wrongfully transfers or disposes of it before a demand is made." Regions Bank v. Wieder & Mastroianni, P.C., 526 F.Supp.2d 411, 414 (S.D.N.Y. 2007), aff'd, 268 F. App'x 17 (2d Cir. 2008). Under New York law, "demand and refusal are substantive elements" of a conversion claim against a good faith acquirer of property. "[I]t is well settled that, where the original possession is lawful, a conversion does not occur until after a demand and refusal to return the property." D'Amico v. First Union Nat. Bank, 285 A.D.2d 166, 172, (2001) (citing MacDonnell v. Buffalo Loan, Trust & Safe Deposit Co., 193 N.Y. 92, 101 (1908)).

A demand is of no legal significance when made upon "a person or persons not shown to have any custody or control over the property." Heinrich v. Van Wrickler, 80 A.D. 250, 251 (1903); see Wembach Corp. v. Emigrant Indus. Sav. Bank, 264 A.D. 161, 164 (1st Dept. 1942) ("A demand on one not in possession of property does not make the failure to deliver to the true owner conversion, in the absence of any wrongful exercise of dominion by the one on whom the demand was made."). Plaintiff falsely alleges that he wrote to HNGI on February 28, 2011 (Ex. 3 to Glanc Decl.) and "demanded return of the Painting" (Ex. 1, par. 34 to Glanc Decl.), and wrote again on March 29, 2011 (Ex. 4, Ex. 1, par. 35 to Glanc Decl.), when defendant was not in possession.  Plaintiff 's alleged "demand" therefore carries no legal significance.

Plaintiff's alleged letters (Exs. 3-4) fail to constitute a "demand" regardless.  Another law firm, which has not appeared, sent such alleged letters.  Neither letter demanded or even requested return of the Painting.  The letters requested a meeting with HNGI's lawyers seeking resolution.  In any event, the two alleged letters are of no moment because they were addressed to the wrong party.

13

HNGI's silence did not constitute refusal.  No New York court has held that silence alone satisfies this pleading requirement for conversion.[12]  Even under the most generous interpretation of what constitutes "refusal," some slight utterance or action is required. Grosz v. Museum of Modern Art, 772 F.Supp.2d 473, 483 (S.D.N.Y. 2010), reconsideration denied (Mar. 3, 2010), aff'd, 403 F. App'x 575 (2d Cir. 2010), cert. denied, 132 S.Ct. 102 (2011)  (holding that a refusal need not contain the word "refuse," but "recipient's words or actions" must clearly convey "an intent to interfere with the demander's possession of the property.") (emphasis added) (citing Feld v. Feld, 279 A.D.2d 393, 395, 720 N.Y.S.2d 35 (1st Dept. 2001)); Borumand v. Assar, 01-CV-6258P, 2005 WL 741786 (W.D.N.Y. Mar. 31, 2005) (refusal found where defendant retained property but actively and repeatedly promised to return it).  Plaintiff's counsel made no effort to elicit a response from HNGI.

Because HNGI lacked any possessory interest in the Painting at the time of plaintiff's alleged "demand," and because the alleged demand and refusal are insufficient as a matter of law, plaintiff's cause of action for conversion should be dismissed.

---

[12]  There are three New York state cases from the 19th century which suggest that silence may constitute refusal.  In each of these cases, however, the defendant's "silence" was preceded by direct communication between the parties during which defendant clearly conveyed its intent to interfere with plaintiff's alleged rights. Ryerson v. Ryerson, 55 Hun 611, 8 N.Y.S. 738, 739 (Sup. Ct., Gen. Term 1890) (finding refusal where defendant told plaintiff he would consult a lawyer and actually met with plaintiff on "numerous occasions," but "made no proposal to deliver the goods"); Fry v. Clow, 50 Hun 574, 3 N.Y.S. 593, 594-95 (Sup. Ct., Gen. Term 1889) (finding refusal without an express statement from defendant after defendant expressly refuted plaintiff's contractual rights, stole the actual contract from plaintiff and expressly refused to pay plaintiff for the property at issue); Mitchell v. Williams & Roberts., 4 Hill 13, 1842 WL 5107 (1842) (stating in dicta that non-compliance could be "tantamount to a refusal," but declining to find refusal where defendant, who was not in possession of the property at issue, told plaintiff "I will have nothing to do with the [matter]" and was thereafter silent).

14

## CONCLUSION

Defendant's motion should be granted in its entirety.


Dated: New York, New York
        December 22, 2011

                                    Respectfully submitted,

                                    AARON RICHARD GOLUB, ESQUIRE, P.C.
                                    Attorney for Defendant

                                        s/ Nehemiah S. Glanc
                                        By: Nehemiah S. Glanc (NSG 7264)
                                        34 East 67th Street – 3rd Floor
                                        New York, New York 10065
                                        ph: 212-838-4811
                                        fx: 212-838-4869
                                        e-mail: argolub@argolub.com
                                        ARG 6056

Of Counsel:
        Aaron Richard Golub
        Nehemiah S. Glanc
        Daniel C. Neustadt
        David Lu

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11-CIV-7710 (LLS) (MHD)
ECF Case

PHILIPPE MAESTRACCI,

Plaintiff,

-against-

*SEATED MAN WITH A CANE, 1918*, A PAINTING BY AMEDEO MODIGLIANI

Defendant in rem,

HELLY NAHMAD GALLERY, INC.

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION
TO DISMISS THE COMPLAINT**

*Attorneys for Defendant*
*Office and Post Office Address, Telephone*
Aaron Richard Golub, Esquire, P.C.
34 East 67th Street - 3rd Floor
New York, New York 10005
212-838-4811

To

Attorney(s) for

Dated ............

Service of copy of the within is hereby admitted

Attorney(s) for

==========**NOTICE OF ENTRY**==========

PLEASE take notice that the within is a (certified) true copy of a

duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

Attorney for
*Office and Post Office Address*
Aaron Richard Golub, Esquire, P.C.
34 East 67th Street 3rd Floor
New York, New York 10005

To

Attorney(s) for

==========**NOTICE OF SETTLEMENT**==========

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon.
on
at                          M.

Dated,

Yours, etc.

Attorney for
Aaron Richard Golub, Esquire, P.C.
34 East 67th Street - 3rd Floor
New York, New York 10005