AARON RICHARD GOLUB, ESQUIRE, PC
Attorneys for Defendant
34 East 67th Street, 3rd Floor
New York, New York 10065
ph: 212-838 4811
fx: 212-838-4869
ARG 6056


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PHILIPPE MAESTRACCI,

                                        Plaintiff,

                    v.

HELLY NAHMAD GALLERY, INC., DAVID
NAHMAD, individually, HELLY NAHMAD
Individually, and INTERNATIONAL ART
CENTER, S.A.,

                                        Defendants.
-----------------------------------------------------------X

11-CIV-7710 (LLS)(MHD)

ECF Case


### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
### OF MOTION TO DISMISS THE AMENDED COMPLAINT


AARON RICHARD GOLUB, ESQUIRE, PC
Attorney for Defendants
34 East 67th Street, 3rd Floor
New York, New York 10065
ph: 212-838-4811
fx: 212-838-4869

Of Counsel:
        Aaron Richard Golub
        Nehemiah S. Glanc
        Chad Berkowitz

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................3

PRELIMINARY STATEMENT ...................................................................................8

STATEMENT OF FACTS ..........................................................................................9

THE AMENDED COMPLAINT………………………………………………………11

ARGUMENT……………………………………………………………………….12

POINT I……………………………………………………………………………….12

THE COMPLAINT SHOULD BE DISMISSED PURSUANT
TO FRCP 12(b)(1) ON THE GROUNDS THAT THE COURT
LACKS SUBJECT MATTER JURSDICTION…………………………………12

A.   Plaintiff's Failure to Plead The Citizenship of
The Defendants Requires Dismissal………………………………………..13

B.   Defendant International Art Center, S.A.'s Alien Status
Defeats Diversity Jurisdiction……………………………………………14

C.   Defendant David Nahmad Defeats Diversity Jurisdiction………………16

D.   Plaintiff's Deficient Diversity Jurisdiction Allegations
Are Not Cured By Pendent-Party Supplemental Jurisdiction……………16

E.   Plaintiff Has Not Alleged a Legally Protected Interest in the Painting
Because the Parties Are Not Diverse……………………………………..17

POINT II…………………………………………………………………………….18

THE DECLARATORY JUDGMENT CAUSE OF ACTION SHOULD BE
DISMISSED AGAINST DEFENDANTS HELLY NAHMAD GALLERY, INC.,
HELLY NAHMAD AND DAVID NAHMAD PURSUANT TO FRCP 12(b)(1)
FOR LACK OF SUBJECT MATTER JURISDICTION………………………...18

POINT III……………………………………………………………………19

      PLAINTIFF'S SECOND CLAIM FOR CONVERSION AGAINST ALL
      DEFENDANTS  SHOULD BE DISMISSED PURSUANT
      TO FRCP 12(b)(1) AND 12(b)(6) …………………………………………..19

      A.     Plaintiff's Claim for Conversion Against Helly Nahmad Gallery, Inc.,
             Helly Nahmad and David Nahmad Should Be Dismissed Because Those
             Defendants Did Not Possess the Painting at the Time of
             Plaintiff's Purported Demand…………………………………………..19

      B.     Plaintiff's Claim for Conversion Against International Art Center, S.A.'s
             Should Be Dismissed Because Plaintiff Made No Demand
             of International Art Center, S.A. to Return the Painting…………………..19

POINT IV……………………………………………………………………..22

      PLAINTIFF'S THIRD CLAIM FOR REPLEVIN AGAINST
      DEFENDANTS HELLY NAHMAD GALLERY, INC.,
      HELLY NAHMAD AND DAVID NAHMAD SHOULD BE
      DISMISSED PURSUANT TO FRCP 12(b)(1) AND 12(b)(6) ……………………22

CONCLUSION…………………………………………………………………..23

# TABLE OF AUTHORITIES

## Cases

Blackmar v. Guerre,
342 U.S. 512 (1962) ..................................................................................22

Borumand v. Assar,
01-CV-6258P, 2005 WL 741786 (W.D.N.Y. Mar. 31, 2005) ..........................................21

Bristol-Myers Squibb Secs. Litig.,
312 F.Supp.2d 549 (S.D.N.Y. 2004)...........................................................................22

Corporacion Venezolana de Fomento v. Vintero Sales Corp.,
629 F.2d 786 (2d Cir. 1980),
cert. denied, 449 U.S. 1080, 101 S.Ct. 863 (1981) ..........................................15

County of Los Angeles v. Davis,
440 U.S. 625, 59 L. Ed. 2d 642, 99 S. Ct. 1379 (1979) ...................................19

D'Amico v. First Union Nat. Bank,
285 A.D.2d 166 (2001) .................................................................................20

DeFunis v. Odegaard,
416 U.S. 312, 94 S.Ct. 1704, 40 L. Ed. 2d 164 (1974) ....................................19

DeJesus v. Sears, Roebuck & Co., Inc.,
87 F.3d 65 (2d Cir. 1995),
cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996) ..............................12

Equitable Life Assur. Soc. of U.S. v. Alexander Grant & Co.,
627 F.Supp. 1023 (SDNY 1985) .........................................................................13

Faggionato v. Lerner,
500 F.Supp.2d 237 (S.D.N.Y. 2007) .............................................................17

Feld v. Feld,
279 A.D.2d 393, 395, 720 N.Y.S.2d 35 (1st Dept. 2001) ................................21

Fermin-Rodriguez v. Westchester County Jail Medical Personnel,
191 F.Supp.2d 358 (S.D.N.Y. 2002) .............................................................12

Fox v. Bd. of Trustees,
42 F.3d 135 (2nd Cir. 1994)
cert. denied, 515 U.S. 1169, 115 S. Ct. 2634, 132 L. Ed. 2d 479,
100 S. Ct. 1202 (1980)........................................................................................19

Franceskin v. Credit Suisse,
214 F.3d 253 (2d Cir. 2000)...............................................................15, 16

Fry v. Clow,
50 Hun 574, 3 N.Y.S. 593 (Sup. Ct., Gen. Term 1889) ...................................21

Grosz v. Museum of Modern Art,
772 F.Supp.2d 473, 483 (S.D.N.Y. 2010), reconsideration denied (Mar. 3, 2010),
aff'd, 403 F. App'x 575 (2d Cir. 2010), cert. denied, 132 S. Ct. 102 (2011) ...................21

Growth Fund v. Morgan Stanley & Co. Intern. Ltd.,
1998 WL 375201 (SDNY Jul. 2, 1998)...............................................16

H.R. Technologies, Inc. v. Astechnologies, Inc.,
275 F.3d 1378 (Fed. Cir. 2002) .......................................................18

Healy v. Ratta,
292 U.S. 263, 270, 54 S. Ct. 700 (1934)...........................................12

Heinrich v. Van Wrickler,
80 A.D. 250 (1903) ..........................................................................20

Herrick Co., Inc. v. SCS Communications, Inc.,
251 F.3d 315 (SDNY 2001)...............................................................14

In re Bristol-Myers Squibb Secs. Litig.,
312 F.Supp.2d 549 (S.D.N.Y. 2004) .......................................22, 23

In re Investors Funding Corp. of New York Securities Litigation,
523 F.Supp. 550 (S.D.N.Y. 1980)......................................................16

In re Joint E. & So. Dist. Asbestos Litig.,
14 F.3d 726 (2d Cir. 1993) ...............................................................13

Johnson v. The Smithsonian Institution,
189 F.3d 180 (2d Cir. 1999)..............................................................22

Kaufman & Broad, Inc. v. Gootrad,
397 F.Supp. 1054 (SDNY 1975).......................................................14

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) ...............................................................................................17

MacDonnell v. Buffalo Loan, Trust & Safe Deposit Co.,
193 N.Y. 92 (1908) ................................................................................................20

Makarova v. United States,
201 F.3d 110 (2d Cir. 2000)............................................................................13, 18

Malik v. Meissner,
82 F.3d 560 (2d Cir. 1996) ....................................................................................13

Matter of Peters,
34 A.D.3d 29, 821 N.Y.S.2d 61 (1st Dept. 2006)..................................................17

Mentor Ins. Co. v. Brannkasse,
996 F.2d 506 (2d Cir. 1993)...................................................................................15

Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,
418 F.3d 168 (2d Cir. 2005) ..................................................................................17

Mitchell v. Williams & Roberts.,
4 Hill 13, 1842 WL 5107 (1842) ...........................................................................21

Morgan v. Property Clerk, New York City Police Dept.,
184 Misc. 2d 406, 708 N.Y.S.2d 262 (Sup. Ct. Richmond Co.  2000)  ...........................23

Mott v. IBM,
2011 WL 3847176 (E.D.N.Y. Aug. 30, 2011)......................................................22

Muhammad v. City of N.Y. Dept. of Correct.,
126 F.3d 119 (2d Cir. 1997)...................................................................................19

Murray v. Lese
86 N.Y.S. 581 (Sup. Ct. App. Term. NY 1908)......................................................22

National Artists Management Co., Inc. v. Weaving,
769 F.Supp. 1224 (SDNY 1991)………………………………………………………14

Phoenix Four, Inc. v. Strategic Resources Corp.,
446 F. Supp. 2d 205 (SDNY 2006)………………………………………………………15

Regions Bank v. Wieder & Mastroianni, P.C.,
526 F.Supp.2d 411 (S.D.N.Y. 2007) aff'd, 268 F. App'x 17 (2d Cir. 2008)....................20

Robinson v. Gov't of Malaysia,
269 F.3d 133 (2d Cir. 2001)..........................................................................12

Romanella v. Hayward,
14 F.3d 15, 16 (2d Cir. 1997)………………………………………………12

Ryerson v. Ryerson,
55 Hun 611, 8 N.Y.S. 738, 739 (Sup. Ct., Gen. Term 1890).........................21

Schoeps v. Andrew Lloyd Webber Art Found.,
66 A.D.3d 137, 884 N.Y.S.2d 396 (1st Dept. 2009) .....................................17

Shipping Fin. Serv. Corp. v. Drakos,
140 F.3d 129 (2d Cir. 1998) ..........................................................................13

Sinnott v Feiock,
165 N.Y. 444 (1901) ......................................................................................22

Theobald v. IFS Intern. Holdings, Inc.,
443 F.Supp.2d 556 (S.D.N.Y. 2006) .............................................................15

United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.,
216 F.Supp.2d 198 (S.D.N.Y. 2002) .............................................................19

Universal Licensing Corp. v. Paola del Lungo S.p.A.,
293 F.3d 579 (2d Cir. 2002)………………………………………………16

Universal Reinsurance Co., Ltd. v. St. Paul Fire And Marine Ins. Co.,
224 F.3d 139 (2d Cir. 2000)………………………………………………13

Velasquez v. Parmalat SpA,
2000 WL 294840 (SDNY Mar. 21, 2000)…………………………………15

Wembach Corp. v. Emigrant Indus. Sav. Bank,
264 A.D. 161, 164 (1st Dept. 1942)...............................................................20

Windert Watch Co., Inc. v. Remex Electronics Ltd.,
468 F.Supp. 1242 (SDNY 1979)…………………………………………..14

Zaloom v. Trupin,
1991 WL 270458 (SDNY, December 10, 1991)…………………………….16

Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi,
215 F.3d 247 (2d Cir. 2000)..................................................................................12

## Statutes and Federal Rules

FRCP 12(b)(1) ..................................................................................................8

FRCP 12(b)(6) ..................................................................................................8

FRCP 17(b) .....................................................................................................17

Declaratory Judgment Act, 28 U.S.C. § 2201................................................18

28 U.S.C. sec. 1367(b)…………………………………………………………17

## Treatises

Moore's, Federal Practice, § 12.34[1][b] (3d ed. 1997) ...................................12

## PRELIMINARY STATEMENT

Plaintiff initially sued the wrong defendant, <u>viz.</u>, Helly Nahmad Gallery, Inc. ("HNGI") (Ex. 1 to Glanc Decl.).[1]  Plaintiff has amended his complaint by, <u>inter alia</u>, joining two aliens, <u>viz.</u>, International Art Center, S.A. ("IAC") and David Nahmad ("DN") as defendants and defeated this Court's jurisdiction (Ex. 2 to Glanc Decl.).  IAC, an alien foreign corporation,[2] and DN, an Italian citizen, defeat this Court's subject matter diversity jurisdiction as there are now aliens on both sides of the lawsuit.  When both the plaintiff and the defendants are aliens, there is no diversity, and therefore, no jurisdiction.  No Federal court permits an alien plaintiff to acquire diversity jurisdiction over another alien defendant.  Alien citizenship is not compromised by alleged domestic business activities. Even where an alien defendant has its principal place of business in New York, subject matter jurisdiction is lacking because the presence of aliens on both sides of the case destroys diversity.  Plaintiff's amended complaint adding IAC and DN violates the legal obligations of plaintiff's counsel to ensure that jurisdictional requirements are met.

As stated in defendant HNGI's initial motion to dismiss the complaint, IAC is the owner of the subject painting, <u>Homme Assis (appuye sur une cane)</u> (1918), by Amedeo Modigliani (the "Painting"), and maintains possession of the Painting outside of this jurisdiction.

Instead of discontinuing this action against wrong party HNGI, plaintiff brazenly joined two additional wrong party defendants, <u>viz.</u>, Helly Nahmad ("HN") and DN individually, for a

---

[1]     On December 22, 2011, HNGI moved to dismiss the complaint pursuant to FRCP 12(b)(1) and 12(b)(6) because, <u>inter alia</u>, plaintiff sued the wrong defendant.

[2]     "S.A." means IAC is a foreign corporation. The "S.A." form of business organization is not available in any of the States in the U.S.A.

total of three wrong party defendants. HNGI, HN and DN, never owned the Painting nor is the Painting in their possession. The Painting is not in New York State.

Dismissal is warranted pursuant to FRCP 12(b)(1) and 12(b)(6) against those three wrong party defendants and there is no jurisdiction. In any event, all of plaintiff's claims fail against HNGI, HN and DN because they do not own or possess the Painting as required to state an actionable claim for declaratory judgment, conversion or replevin (see Points II and III).

This lawsuit was initiated with little to no investigation, resulting in the wrong defendant being named on the wing and the prayer of obtaining discovery. Despite receiving notice of the deficiency of his complaint and the plaintiff's inability to add IAC as a defendant without destroying diversity, plaintiff's counsel nonetheless, in defiance of governing law and legal ethics, filed a jurisdictionally defective amended complaint that obfuscates the alien citizenship of IAC and makes erroneous assertions as to the named defendants.

As this court lacks jurisdiction to adjudicate the claims in the amended complaint, all claims must be summarily dismissed.

## STATEMENT OF FACTS

IAC purchased the Painting at auction from Christie's in London, England on June 25, 1996 (Kim Decl.,[3] par. 3 and Ex. 1 thereto). The Painting's provenance set forth in the Christie's London catalogue (entitled Impressionist and Modern Paintings Watercolours and Sculpture (Part I)) at page 40, states:

PROVENANCE:
Roger Dutilleul, Paris
Anon, sale, Paris, circa 1940-1945, to J. Livengood, Paris and

---

[3]      Dated March 15, 2012.

thence by descent to the present owners. (Ex. 3 to Glanc Decl.[4])

The provenance did not indicate that the Painting was the subject of spoliation.  The Painting has been openly and publicly exhibited at various museums and galleries throughout the world since 1996, when IAC acquired ownership (Oever Decl., par. 2), and is currently warehoused in Geneva, Switzerland (Semedo Decl.,[5] pars. 3-4).

HNGI, HN and DN never purchased the Painting (HN Decl.,[6] par. 2).  Between November 3, 2005, and January 31, 2006, HNGI exhibited the Painting at a Modigliani exhibition, entitled <u>Modigliani: A Bohemian Myth</u>, at HNGI's gallery in New York City, located at 975 Madison Avenue, New York, New York (HN Decl., par. 2).  Almost immediately thereafter, the Painting was returned to its owner in Switzerland on or about February 24, 2006 (Semedo Decl., par. 4(g); HN Decl., par. 2).  The Painting was consigned by IAC for sale at a Sotheby's New York auction scheduled for November 3, 2008, and failed to sell (Edelson Decl.,[7] par. 2 and Ex. 1 thereto).  Sotheby's shipped the Painting to IAC's storage in Switzerland in or about the middle of December, 2008 (Edelson Decl., par. 2), where it remains today (Semedo Decl., pars. 3-4).

---

[4]      Dated March 15, 2012

[5]      Dated March 14, 2012.

[6]      Dated March 14, 2012.

[7]      Dated March 14, 2012.

## THE AMENDED COMPLAINT

The amended complaint, dated January 12, 2012 ("Amended Complaint") (Ex. 2 to Glanc Decl.) fails to state that Oscar Stettiner ("OS") owned the Painting.[8]  No proof of OS's purchase of the Painting is attached to the Amended Complaint or referred to therein.  An inspection of Sotheby's provenance for the Painting shows that Sotheby's attributes ownership of the Painting to "**(possibly)** Stettiner, Paris (by 1930)" (Ex. H to Ex. 2 to Glanc Decl.).   The Amended Complaint (Ex. 2 to Glanc Decl.) refers to no evidence that it was the subject Painting (and not another Modigliani painting) which was allegedly auctioned in 1944.   There are no due diligence allegations concerning the plaintiff's efforts or the Stettiner heir's efforts to locate the Painting over the last 70 years.  Any "how, when and where" facts whatsoever connected to HNGI, DN or HN's purported purchase of the Painting are glaringly absent from the Amended Complaint (Ex. 2 to Glanc Decl.).

Plaintiff's Amended Complaint is replete with errors and it misrepresents the exhibits annexed thereto in support of its claims.  Plaintiff's allegation that HNGI and DN act as agents for IAC in New York and exercise control over the Painting's location (Ex. 2 par. 15 to Glanc Decl.), is simply **not** supported by Exhibit C to the Amended Complaint.[9]   Exhibit C is not a sworn statement.  It does not state that DN is or was an agent for IAC in New York or elsewhere or that HNGI controls the Painting's location.  Exhibit C references only that HNGI "had

---

[8]      The Complaint alleges that "Stettiner's art collection contained a number of works, including the Painting." (Ex. 2 par. 26 to Glanc Decl.).

[9]      Exhibit C to the Amended Complaint is a copy of HNGI's Memorandum of Law dated July 1, 2004 in opposition to summary judgment in the New York County Supreme Court action Beyton Europe, Ltd v. Helly Nahmad Gallery and Michael Cohen, Index No. 603390/02.

undertaken" to sell a specific painting owned by IAC, without defining the relationship (agency, consignment or otherwise).  This is another example of plaintiff's defective pleading.

"A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standards of Rule 12(b)(6)." DeJesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1995), cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996); Fermin-Rodriguez v. Westchester County Jail Medical Personnel, 191 F.Supp.2d 358, 360 (S.D.N.Y. 2002) (quoting Moore's, Federal Practice, § 12.34[1][b] (3d ed. 1997) ("Generally, conclusory or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

The accompanying declarations of Harco Van den Oever, Adelino Semedo, Daisy Edelson, Helly Nahmad and David Nahmad and the exhibits attached thereto confirm the jurisdictional defects of the Amended Complaint.  Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001).

**ARGUMENT**

**POINT I**

**THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1) ON THE GROUNDS THAT THE COURT LACKS SUBJECT MATTER JURSDICTION**

The restrictive nature of diversity jurisdiction is rigorously enforced by the courts.  See Healy v. Ratta, 292 U.S. 263, 270, 54 S. Ct. 700 (1934) ("The policy of the [diversity] statute calls for its strict construction."); Romanella v. Hayward, 114 F.3d 15, 16 (2d Cir. 1997) (stating the "requirement that we strictly construe the diversity statute").

In assessing a motion to dismiss for lack of subject matter jurisdiction, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).  On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993).  Plaintiff has failed to meet his jurisdictional burden.

A.      **Plaintiff's Failure to Plead The Citizenship of
        The Defendants Requires Dismissal**

As a necessary pleading predicate, to establish diversity jurisdiction, the plaintiff must plead the citizenship of the parties.  Plaintiff has not done so.  Universal Reinsurance Co., Ltd. v. St. Paul Fire And Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000) (holding "… appellants have failed to allege that [defendant] is a citizen of a particular state… The failure to allege [defendant's] citizenship in a particular state is fatal to diversity jurisdiction."); see also Equitable Life Assur. Soc. of U.S. v. Alexander Grant & Co., 627 F.Supp. 1023 (SDNY 1985).[10]

The plaintiff is silent regarding the citizenship of the defendants and masks the alien citizenship with references to residential properties and business activities, all of which are irrelevant to determining citizenship.  The burden is on the plaintiff to establish by a

---

[10]    Holding:

"For that reason, plaintiff has failed to properly plead its own citizenship. Moreover, the complaint alleges neither the citizenship of [defendant's] partners, nor that whatever their citizenship [plaintiff's] is diverse. It is apparent that [plaintiff] has not alleged complete diversity between itself and [defendant] because it cannot do so… Thus, plaintiff has failed to adequately plead diversity." Id., 627 F.Supp. 1023 at 1026.

preponderance of the evidence that the defendant is a "citizen" of a particular state or country. Herrick Co., Inc. v. SCS Communications, Inc., 251 F.3d 315 (SDNY 2001) (well established that the party seeking to invoke diversity jurisdiction bears the burden of demonstrating the grounds for diversity and that diversity is complete); National Artists Management Co., Inc. v. Weaving, 769 F.Supp. 1224, 1228 (SDNY 1991) (party seeking to invoke federal jurisdiction has the burden of proving that diversity exists); Kaufman & Broad, Inc. v. Gootrad, 397 F.Supp. 1054 (SDNY 1975) (burden is on plaintiff to establish by a preponderance of the evidence the citizenship of defendants).

The citizenship of only one party is revealed– the plaintiff's own. (Ex. 2 to Glanc Decl. par. 9). Had the plaintiff met his burden to enunciate with specificity the citizenship of the defendants, this Court's lack of subject matter jurisdiction would have been glaring as the alien plaintiff has made claims against alien defendants.

**B.    Defendant IAC's Alien Status Defeats Diversity Jurisdiction**

A cursory review of the law governing subject matter jurisdiction would inform plaintiff's counsel that this Court has no jurisdiction over his Amended Complaint.  Plaintiff, a citizen of France, by adding IAC, an alien corporation (see FN 2), as a defendant, defeats diversity jurisdiction.[11]  An alien corporation is a citizen of the country under whose laws it is incorporated. Windert Watch Co., Inc. v. Remex Electronics Ltd., 468 F.Supp. 1242 (SDNY

---

[11]      This issue, i.e. that IAC—an alien corporation—cannot be brought before this Court by plaintiff, a citizen of France, was argued in HNGI's Memorandum of Law dated December 22, 2011 (pp. 7-8) in support of its motion to dismiss the initial complaint (Document nos. 7 and 14 in the Docket Sheet).  HNGI argued that there is a jurisdictional bar to amending the complaint to include alien IAC as a defendant party.  Plaintiff has been on notice of the jurisdictional defects of his complaint from the time HNGI filed its motion to dismiss the complaint on December 22, 2011.  Nonetheless, plaintiff filed untruthful assertions in its Amended Complaint in an attempt to manufacture a jurisdictional basis for this action.

1979).  It is well established that diversity is destroyed where both a plaintiff and a defendant are aliens. <u>Mentor Ins. Co. v. Brannkasse</u>, 996 F.2d 506, 512 (2d Cir. 1993) ("[T]he alignment of alien corporations as both plaintiffs and defendants defeats the allegation of diversity jurisdiction"); <u>Corporacion Venezolana de Fomento v. Vintero Sales Corp.</u>, 629 F.2d 786, 790 (2d Cir.1980), <u>cert. denied</u>, 449 U.S. 1080, 101 S.Ct. 863 (1981) ("[T]he presence of aliens on two sides of a case destroys diversity jurisdiction."); <u>Velasquez v. Parmalat SpA</u>, 2000 WL 294840, at *1 (SDNY Mar. 21, 2000) ("Section 1332 does not confer diversity jurisdiction on a suit between parties who are citizens of two foreign states.")

Plaintiff's allegations that IAC transacts business in New York City (Ex. 2 pars. 2 and 13 to Glanc Decl.), even if true, does not change IAC's status as an alien corporation.  When a foreign plaintiff sues a foreign defendant, even if the foreign defendant conducts business in New York, it does not change the lack of diversity. <u>Franceskin v. Credit Suisse</u>, 214 F.3d 253, 258 (2d Cir. 2000) (holding even if Swiss corporation maintains its principal place of business in New York and is considered a citizen of New York, diversity is nonetheless defeated if another alien party is present on the other side of the litigation); <u>Theobald v. IFS Intern. Holdings, Inc.</u>, 443 F.Supp.2d 556 (SDNY 2006) (even if Australian corporation does business in New York, that would not alter the corporation's status as an alien for diversity purposes); <u>Phoenix Four, Inc. v. Strategic Resources Corp.</u>, 446 F. Supp. 2d 205 (SDNY 2006) (holding 28 U.S.C.A. § 1332(c) applies to alien corporations and collecting cases).

As both plaintiff and IAC are aliens, there is no complete diversity and this Court should dismiss this action on that basis alone.

**C.      Defendant David Nahmad Defeats Diversity Jurisdiction**

DN is a citizen of the Republic of Italy, is domiciled in the Principality of Monaco.  He  is not and has never been a citizen or resident of the United States (DN Decl.[12] par. 1 and Ex. 1 thereto).   For purposes of diversity jurisdiction, DN is a citizen of Italy.  As plaintiff is a citizen of France, complete diversity is lacking and the Court lacks subject matter jurisdiction.  See Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579 (2d Cir. 2002) holding that diversity is lacking when on one side there are citizens and aliens and on the opposite side there are only aliens.   As both plaintiff and DN are aliens, there is no complete diversity and this Court should dismiss this action.

**D.      Plaintiff's Deficient Diversity Jurisdiction Allegations**
**Are Not Cured by Pendent-Party Or Supplemental Jurisdiction**

Plaintiff cannot appeal to pendent-party or supplemental jurisdiction when there is no subject matter jurisdiction in the first instance.  Where the absence of diversity of citizenship among the parties defeats the court's jurisdiction, there can be no consequent exercise of supplemental jurisdiction by the court.  Franceskin, supra, (finding a lack of diversity and no pendent-party jurisdiction); Growth Fund v. Morgan Stanley & Co. Intern. Ltd., 1998 WL 375201, at *2 (SDNY Jul. 2, 1998) (lack of diversity defeats any potential original jurisdiction that could justify the consequent exercise of supplemental jurisdiction); Zaloom v. Trupin, 1991 WL 270458, at *2 (SDNY, December 10, 1991) (". . . there is no pendent party jurisdiction over Defendant Stein. Pendent party jurisdiction is available over a party against whom no federal claim is asserted only if the statute providing federal jurisdiction over the other defendants can be interpreted as specifically conferring such pendent party jurisdiction."); In re Investors

---

[12]   Dated March 14, 2012

Funding Corp. of New York Securities Litigation, 523 F.Supp. 550, 562 (S.D.N.Y. 1980)

(finding that the "pendent party jurisdiction is inapplicable to the common law claims against the

accountants by plaintiffs who have no federal claims against them"). See also 28 USC sec.

1367(b).

The presence of IAC and/or DN as defendants in this action defeats diversity jurisdiction.

Supplemental or pendent-party jurisdiction has no impact on the requirement of complete

diversity.

**E.**     **Plaintiff Has Not Alleged a Legally Protected Interest in the Painting**
           **Because the Parties Are Not Diverse**

Article III of the Constitution, under which the exercise of judicial power depends upon

the existence of a case or controversy, requires, as an "irreducible constitutional minimum of

standing" that plaintiff have suffered an "injury-in-fact—an invasion of a legally protected

interest…." (internal quotations omitted).  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560

(1992).  Pursuant to FRCP 17(b), as a purported representative of OS's estate, plaintiff has not

adequately alleged, under New York law, a "legally protected interest" in the Painting sufficient

to invoke the jurisdiction of this Court. Cf. Faggionato v. Lerner, 500 F.Supp.2d 237, 249

(S.D.N.Y. 2007) (where jurisdiction is predicated on diversity of citizenship, a plaintiff must

have standing under both Article III of the Constitution and applicable state law in order to

maintain a cause of action) (referencing Mid-Hudson Catskill Rural Migrant Ministry, Inc. v.

Fine Host Corp., 418 F.3d 168, 173 (2d Cir. 2005); see Schoeps v. Andrew Lloyd Webber Art

Found., 66 A.D.3d 137, 884 N.Y.S.2d 396 (1st Dept. 2009) (applying New York law and

following Matter of Peters, 34 A.D.3d 29, 34, 821 N.Y.S.2d 61, 65 (1st Dept. 2006) (affirming

that an heir must be "the duly appointed representative of the decedent's estate" to sustain a

cause of action to recover a painting that was sold without the original owner's consent in Germany in 1934 as a result of the Nazi government).  For this reason as well, the action should be dismissed.

**POINT II**

**THE DECLARATORY JUDGMENT CAUSE OF ACTION
SHOULD BE DISMISSED AGAINST DEFENDANTS HNGI, HN AND DN
PURSUANT TO FRCP 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION**

A case is properly dismissed for lack of subject matter jurisdiction under FRCP 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova, 201 F.3d at 113.  The declaratory judgment cause of action essentially seeks to quiet title to the Painting (Ex. 2, pars. 57-58).   The Declaratory Judgment Act, 28 U.S.C. § 2201, requires "a case or actual controversy within [the court's] jurisdiction." No such controversy exists between plaintiff and defendants HNGI, HN and DN because their interests are not adverse.

IAC, the owner of the subject Painting, is the only proper defendant for plaintiff's claims. But, as explained in Point I above, IAC's presence in this action defeats this Court's diversity jurisdiction.

As three wrong parties have been joined as defendants in this declaratory judgment action, no case or controversy exists between plaintiff and such three wrongly joined defendants. See H.R. Technologies, Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1386 (Fed. Cir. 2002) (upholding dismissal of non-infringement counterclaim on the ground that it was asserted against the "wrong party", i.e., party other than owner).  Since no case or controversy exists between

18

plaintiff and HNGI, HN or DN, this Court lacks the ability to grant the judgment sought by

plaintiff against those three defendants.[13]

### POINT III

### PLAINTIFF'S SECOND CLAIM FOR CONVERSION AGAINST ALL DEFENDANTS SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

**A.  Plaintiff's Claim for Conversion Against HNGI, HN and DN
Should Be Dismissed Because Those Defendants Did Not Possess
the Painting at the Time of Plaintiff's Purported Demand**

The Amended Complaint improperly alleges that HNGI, HN and DN own, and have

possession of, the Painting (Ex. 2, pars. 45, 61-62, 65-66 to Glanc Decl.)  Defendants HNGI, HN

and DN, as a matter of law, cannot be liable for conversion.  "The tort of conversion is

established when one who owns and has a right to possession of personal property proves that

the property is in the unauthorized possession of another who has acted to exclude the rights of

the owner."  United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc., 216 F.Supp.2d

198, 219 (S.D.N.Y. 2002) (citations omitted).[14]

---

[13]      When the plaintiff and defendants to a suit lack a legally cognizable interest in the
outcome of a case, or lack a personal stake in the case, the case is moot as to those defendants.
Muhammad v. City of N.Y. Dept. of Correct., 126 F.3d 119, 122-123 (2nd Cir. 1997), citing
County of Los Angeles v. Davis, 440 U.S. 625, 631, 59 L. Ed. 2d 642, 99 S. Ct. 1379 (1979);
Fox v. Bd. of Trustees, 42 F.3d 135, 140 (2nd Cir. 1994), cert. denied, 515 U.S. 1169, 115 S. Ct.
2634, 132 L. Ed. 2d 479, 100 S. Ct. 1202 (1980).  This Court's inability to review a moot case
"derives from the requirement of Article III of the Constitution under which the exercise of
judicial power depends upon the existence of a case or controversy." Muhammad, 126 F.3d at
122, quoting DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L. Ed. 2d 164 (1974).

[14]      Plaintiff does not dispute that whoever owns and possesses the Painting is the proper
defendant as he alleges in the replevin cause of action, albeit incorrectly, that "the Nahmad
Defendants are in possession of the Painting or, upon information and belief, have the Painting
under their control." (Ex. 2 par. 65 to Glanc Decl.).  Similarly, in the conversion cause of action,
plaintiff alleges "The Nahmad Defendants' wrongful retention… By refusing to return the
Painting… the Nahmad Defendants wrongfully interfered…" (Ex. 2 par. 62 to Glanc Decl.).

**B.      Plaintiff's Claim for Conversion Against IAC Should Be Dismissed**
**Because Plaintiff Made No Demand of IAC to Return the Painting**

Plaintiff's conversion claim against IAC suffers from the absence of any cognizable demand letter addressed to IAC, the clear absence of any communication with IAC and no showing of a refusal by any party.  "When a defendant's possession of the property was initially lawful, there is no conversion unless the defendant refuses the owner's demand to return the property or wrongfully transfers or disposes of it before a demand is made." Regions Bank v. Wieder & Mastroianni, P.C., 526 F.Supp.2d 411, 414 (S.D.N.Y. 2007), aff'd, 268 F. App'x 17 (2d Cir. 2008). Under New York law, "demand and refusal are substantive elements" of a conversion claim against a good faith acquirer of property. "[I]t is well settled that, where the original possession is lawful, a conversion does not occur until after a demand and refusal to return the property." D'Amico v. First Union Nat. Bank, 285 A.D.2d 166, 172, (2001) (citing MacDonnell v. Buffalo Loan, Trust & Safe Deposit Co., 193 N.Y. 92, 101 (1908)).

Plaintiff's alleged demand to HNGI (Ex. 4) which does not own, control or have custody of the Painting, is a legal nullity.  A demand is of no legal significance when made upon "a person or persons not shown to have any custody or control over the property." Heinrich v. Van Wrickler, 80 A.D. 250, 251 (1903); see Wembach Corp. v. Emigrant Indus. Sav. Bank, 264 A.D. 161, 164 (1st Dept. 1942) ("A demand on one not in possession of property does not make the failure to deliver to the true owner conversion, in the absence of any wrongful exercise of dominion by the one on whom the demand was made.").  Plaintiff claims he wrote to HNGI, and not IAC, on February 28, 2011 (Ex. 4 to Glanc Decl.) and "demanded return of the Painting" (Ex. 2, par. 49 to Glanc Decl.), and wrote again on March 29, 2011 (Ex. 5; Ex. 2, par. 50 to

Glanc Decl.), when HNGI was not in possession.  Plaintiff 's alleged "demand" to the wrong party therefore carries no legal significance.

Plaintiff's alleged letters (Exs. 4-5) fail to constitute a "demand."  Another law firm, which has not appeared, sent the letters which did not demand or request return of the Painting. The letters requested a meeting with HNGI's lawyers seeking resolution.  In any event, the two alleged letters are of no moment because they were addressed to the wrong party.

HNGI's silence did not constitute refusal.  No New York court has held that silence alone satisfies this pleading requirement for conversion.[15]  Even under the most generous interpretation of what constitutes "refusal," some slight utterance or action is required. Grosz v. Museum of Modern Art, 772 F.Supp.2d 473, 483 (S.D.N.Y. 2010), reconsideration denied (Mar. 3, 2010), aff'd, 403 F. App'x 575 (2d Cir. 2010), cert. denied, 132 S.Ct. 102 (2011)  (holding that a refusal need not contain the word "refuse," but "recipient's words or actions" must clearly convey "an intent to interfere with the demander's possession of the property.") (emphasis added) (citing Feld v. Feld, 279 A.D.2d 393, 395, 720 N.Y.S.2d 35 (1st Dept. 2001)); Borumand v. Assar, 2005 WL 741786 (WDNY Mar. 31, 2005) (refusal found where defendant retained property but actively and repeatedly promised to return it).  At no time did plaintiff's present counsel make an

---

[15]      See Ryerson v. Ryerson, 55 Hun 611, 8 N.Y.S. 738, 739 (Sup. Ct., Gen. Term 1890) (finding refusal where defendant told plaintiff he would consult a lawyer and actually met with plaintiff on "numerous occasions," but "made no proposal to deliver the goods"); Fry v. Clow, 50 Hun 574, 3 N.Y.S. 593, 594-95 (Sup. Ct., Gen. Term 1889) (finding refusal without an express statement from defendant after defendant expressly refuted plaintiff's contractual rights, stole the actual contract from plaintiff and expressly refused to pay plaintiff for the property at issue); Mitchell v. Williams & Roberts., 4 Hill 13, 1842 WL 5107 (1842) (stating in dicta that non-compliance could be "tantamount to a refusal," but declining to find refusal where defendant, who was not in possession of the property at issue, told plaintiff "I will have nothing to do with the [matter]" and was thereafter silent).  In each of these cases, the defendant's "silence" was preceded by direct communication between the parties during which defendant clearly conveyed its intent to interfere with plaintiff's alleged rights.

effort to elicit a response from HNGI.  Any attempt to elicit a response from HNGI would not aid plaintiff in pleading a conversion claim.

Because HNGI lacked any possessory interest in the Painting at the time of plaintiff's alleged "demand," and because the alleged demand and refusal are insufficient as a matter of law, plaintiff's cause of action for conversion should be dismissed against all the defendants.

## POINT IV

### PLAINTIFF'S THIRD CLAIM FOR REPLEVIN AGAINST DEFENDANTS HNGI, HN AND DN SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

The third claim for replevin fails, as a matter of law against HNGI, HN and DN because those defendants did not possess the Painting at the commencement of this action.

Replevin requires that the defendant have possession of the property to be returned. Johnson v. The Smithsonian Institution, 189 F.3d 180, 189 (2d Cir. 1999), holding the party possessing the property at issue is the proper party for replevin; Sinnott v. Feiock, 165 N.Y. 444 (1901); Murray v. Lese, 86 N.Y.S. 581 (Sup. Ct. App. Term. NY 1908), holding that replevin is not maintainable as against defendants who had parted with the possession of the property prior to the institution of the action, where their prior possession did not appear to have been unlawful, and where it was neither alleged in the complaint nor proved upon the trial that they had wrongfully detained the property.[16]

---

[16]     Although Sinnot and Murray, supra, are not recent authority, they are foundational authority with established principles that are still viable and widely recognized today. See, e.g., Johnson, infra.

See also Blackmar v. Guerre, 342 U.S. 512, 515 (1962), dismissing plaintiff's claims for lack of jurisdiction where wrong party named as defendant; Mott v IBM, 2011 WL 3847176 (E.D.N.Y. Aug. 30, 2011), dismissing action because plaintiff sued wrong defendant; In re

Defendants HNGI, HN and DN did not possess the Painting at the commencement of this action.  HNGI's brief prior possession of the Painting was not unlawful because it was loaned to HNGI for a Modigliani exhibition held between November 3, 2005 and January 31, 2006 (Nahmad Decl., par. 2).   Accordingly, Plaintiff's third cause of action for replevin against HNGI, HN and DN should be dismissed for failure to state a claim.

## CONCLUSION

Defendants' motion should be granted in its entirety.

Dated:  New York, New York
   March 15, 2012

        Respectfully submitted,

        AARON RICHARD GOLUB, ESQUIRE, P.C.
        Attorney for Defendants

          s/ Nehemiah S. Glanc
          By: Nehemiah S. Glanc (NSG 7264)
          34 East 67th Street, 3rd Floor
          New York, New York 10065
          ph: 212-838-4811
          fx: 212-838-4869
          e-mail: argolub@argolub.com
          ARG 6056

Of Counsel:
   Aaron Richard Golub
   Nehemiah S. Glanc
   Chad Berkowitz

---

Bristol-Myers Squibb Secs. Litig., 312 F.Supp.2d 549, 560 (S.D.N.Y. 2004), dismissing plaintiff's complaint because "that complaint is addressed to the wrong defendant"; Morgan v. Property Clerk, New York City Police Dept., 184 Misc. 2d 406, 708 N.Y.S.2d 262 (Sup. Ct. Richmond Co. 2000), holding court did not have in rem jurisdiction to recover money seized by defendant police department where the money had been seized by the United States Custom Service and was no longer in the possession of the defendant.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11-CIV-7710 (LLS) (MHD)
ECF Case

PHILIPPE MAESTRACCI,

                    Plaintiff,

-against-

HELLY NAHMAD GALLERY, INC., DAVID NAHMAD, individually, HELLY NAHMAD individually, and INTERNATIONAL ART CENTER, S.A.,

                    Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**

*Attorneys for Defendants*
*Office and Post Office Address, Telephone*
Aaron Richard Golub, Esquire, P.C.
34 East 67th Street -3rd Floor
New York, New York 10065
212-838-4811

To
Attorney(s) for

Service of copy of the within is hereby admitted

Dated

Attorney(s) for

---

==========NOTICE OF ENTRY==========

PLEASE take notice that the within is a (certified) true copy of a

duly entered in the office of the clerk of the within named court on

Dated,

            Yours, etc.

Attorney for

*Office and Post Office Address*
Aaron Richard Golub, Esquire, P.C.
34 East 67th Street-3rd Floor
New York, New York 10065

To

Attorney(s) for

==========NOTICE OF SETTLEMENT==========

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon.

on

at                    M.

Dated,

            Yours, etc.

Attorney for

Aaron Richard Golub, Esquire, P.C.
34 East 67th Street – 3rd Floor
New York, New York 10065